83,555-01

In the
Court of Criminal Appeals
at Austin

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 07 2015

Abel Acosta, Clerk

———◆———

No. 1259408-A
In the 248th District Court
of Harris County, Texas

———◆———

Ex parte William Mark Rhodes

———◆———

*granted*
*PC*
7-13-15

## TRIAL COURT'S REQUEST FOR EXTENSION

The 248th District Court of Harris County, Texas, with the Honorable Katherine Cabaniss, moves the Court of Criminal Appeals to grant an extension of time to resolve the claims in the instant writ and forward the writ record to the Court pursuant to Rule 73.4.5 and would show the following:

### I.

PROCEDURAL HISTORY

William Mark Rhodes, the applicant, is confined pursuant to the judgment and sentence of the 248th District Court of Harris County, Texas, in cause number 1259408 for the felony offense of burglary of a habitation. The applicant pled guilty to the trial court without an agreed recommendation from the State. On November 22, 2010, following a presentence investigation hearing, the trial court deferred a

finding of guilt and placed the applicant on community supervision for a period of five (5) years. On May 30, 2012 the State filed a motion to adjudicate the applicant's guilt. On September 4, 3012, following a motion to adjudicate guilt hearing, the trial court found the State's alleged violations in the motion to adjudicate true and assessed the applicant's punishment at six (6) years confinement in the Texas Department of Criminal Justice – Institutional Division.

On June 19, 2014, the Fourteenth Court of Appeals dismissed the applicant's direct appeal due to the untimely filed notice of appeal. *Rhodes v. State*, No. 14-13-00888-CR (Tex. App.—Houston [14th Dist.] June 19, 2014, no pet.) (mem. op., not designated for publication).

The applicant petitioned for this writ of habeas corpus on January 5, 2015. The State was served with the application on January 9, 2015. The State filed its Original Answer on January 26, 2015 and requested that the trial court designate the issue of whether the applicant was denied the effective assistance of counsel in the primary case as the issue that needed to be resolved. On January 28, 2015, the trial court made this designation, and ordered the applicant's trial counsel Mary Moore and adjudication counsel Keval Patel to file affidavits summarizing their actions in the primary case. Mr. Patel filed an affidavit on March 2, 2015.

**II.**

Pursuant to Texas Rule of Appellate Procedure 73.4, the deadline for the district clerk to forward the writ record to the Court of Criminal Appeals is July 8,

2015. The affidavit of Ms. Moore has not yet been received. Ms. Moore has been contacted and is expected to timely prepare her affidavit. Accordingly, this Court respectfully requests additional time in order to resolve the instant claims and prepare findings of fact and conclusions of law. This Court's request is not intended to unduly delay proceedings in the instant cause.

## III.

WHEREFORE, PREMISES CONSIDERED, this Court respectfully requests that the Court of Criminal Appeals allow ninety (90) additional days to forward the writ record in the instant cause.

JUL 0 1 2015

SIGNED this _____ day of June, 2015.

The Honorable Katherine Cabaniss
248th District Court
Harris County, Texas

3